## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MARK D. MAZZA, | CIVIL ACTION |
| *Appellant,* | NO. 23-1876 |
| v. | |
| THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA10 MORTGAGE PASS-THROUGH CERTIFIATES, SERIES 2006-OA10, | BANKRUPTCY NO. 22-13245 |
| *Appellee.* | |

**Pappert, J.**                                                          **May 10, 2024**

### MEMORANDUM

Mark D. Mazza appeals an order of the United States Bankruptcy Court for the Eastern District of Pennsylvania modifying the automatic stay imposed by 11 U.S.C. § 362(a). The Court affirms the Bankruptcy Court's order for the reasons that follow.

### I

The filing of a bankruptcy petition automatically stays, *inter alia*, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3); *In re Johnson*, 601 B.R. 365, 376 (Bankr. E.D. Pa. 2019). Section 362(d)(4)(B) "allows for relief from the automatic stay against real property for a creditor whose interest is secured by the property 'if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." *In re Gray*, 558 F. App'x 163, 165 n.3 (3d Cir. 2014) (quoting 11 U.S.C. §

1

362(d)(4)(B)).  Orders entered under Section 362(d)(4), "[i]f recorded in compliance with applicable State laws governing notices of interests or liens in real property," are binding in other bankruptcy proceedings purporting to affect the property "filed not later than 2 years after the date of the entry of such order".  11 U.S.C. § 362(d).  In a subsequent bankruptcy proceeding, a debtor "may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing."  *Id.*

## II

Mazza filed a Chapter 7 bankruptcy petition in December 2022.  (Bankruptcy Petition, Bankr. ECF No. 1.)[1]  In March 2023, secured creditor The Bank of New York Mellon, f/k/a the Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-OA10 Mortgage Pass-Through Certificates, Series 2006-OA10 ("BONY") moved for relief from the automatic stay.  (Mot. for Relief from Stay, Bankr. ECF No. 34.)[2]  Specifically, BONY sought *in rem* relief from the stay in order to proceed with a mortgage foreclosure.  (*Id.* ¶ 22.)

The foreclosure has a history of its own, some relevant to this appeal.  In 2013, a trial in the foreclosure action was pending in the Chester County Court of Common Pleas.  (*Id.* ¶¶ 5, 8.)  Mazza filed a Chapter 7 bankruptcy petition, which stayed the

---

[1]       The Court takes judicial notice of the Bankruptcy Court's docket.  *See Beye v. Horizon Blue Cross Blue Shield*, 568 F. Supp. 2d 556, 577 (D.N.J. 2008).  Mazza has also included the Bankruptcy Court's docket sheet, as well as several documents filed there, in his designated record on appeal. *See* (Original Bankr. R., ECF Nos. 3, 3-1); *In re Aponte*, No. 18-5108, 2019 WL 3833469, 2019 U.S. Dist. LEXIS 138012, at *1 n.1 (E.D. Pa. Aug. 15, 2019) (citing the portions of the bankruptcy record filed on the court's docket and also taking judicial notice of the bankruptcy docket); *Stevenson v. TND Homes I, LP*, 583 B.R. 573, 574 n.1 (B.A.P. 1st Cir. 2018) (citation omitted).

[2]       This document appears in Mazza's designated record on appeal filed on the Court's docket. *See* (Original Bankr. R. at 17-20.)  Rather than citing this compiled Record, the Court cites the corresponding filings on the Bankruptcy Court's docket because they are paginated more legibly. Page numbers in court filings are those assigned by ECF unless otherwise specified.

foreclosure action.  (*Id.* ¶ 5.)  Mazza's petition was dismissed less than two months after

he filed it because he failed to timely file information required by the Bankruptcy

Court's orders.  (*Id.* ¶¶ 5-6.)  After the bankruptcy petition was dismissed, the

foreclosure action was placed back on the Common Pleas Court's docket.  (*Id.* ¶ 7.)

Trial was set to proceed in early 2014, but Mazza filed a second Chapter 7 petition, so

the foreclosure trial was stayed again.  (*Id.* ¶¶ 8-9.)  Mazza did not pay the filing fee, so

this petition was dismissed.  (*Id.* ¶ 9.)  Just over two weeks later, Mazza filed a third

Chapter 7 petition, once again staying the still-pending foreclosure trial.  (*Id.* ¶¶ 9-10.)

Two months later, this petition was also dismissed when Mazza again failed to pay the

filing fee.  (*Id.* ¶ 10.)  Another two months later, Mazza's wife and co-mortgagor, Lisa,

filed a Chapter 7 petition of her own, once more staying the foreclosure action.  (*Id.* ¶¶

10-11.)  This petition was similarly dismissed within two months because Lisa failed to

file information required by the Bankruptcy Court.  (*Id.* ¶ 11.)

     Eventually, in 2015, the Common Pleas Court held a one-day bench trial on the

foreclosure action.  (Foreclosure Opinion, ECF No. 12-2, at 42-43.)[3]  BONY prevailed

(*id.* at 42, 47-48), and subsequently acquired title to the property in a June 2017

sheriff's sale.  (Mot. for Relief from Stay ¶ 12); (Sheriff's Deed, ECF No. 3-1, 21-25.)

Having obtained title, BONY filed an ejectment action against Mark and Lisa.  (Mot.

for Relief from Stay ¶ 13.)  The Mazzas removed the action to federal court in December

2017.  (*Id.*)  Litigation continued for several years.  (*Id.*)  BONY filed a motion for

---

[3]     The Court takes judicial notice of the foreclosure action.  *See In Re Ellis*, 339 B.R. 136, 138 &
n.4 (Bankr. E.D. Pa. 2006); *Martinez v. Bank of Am., N.A.*, 664 F. App'x 250, 253 n.4 (3d Cir. 2016);
*In re Ogilvie*, 533 B.R. 460, 463 (Bankr. M.D. Pa. 2015) (taking judicial notice of a state foreclosure
action as well as "the docket entries concerning the appeal of the State Foreclosure Action to the
Pennsylvania Superior Court").

summary judgment on October 28, 2022 (No. 17-5453, Ejectment ECF No. 49), and the court scheduled a hearing on the motion for December 6.  (Ejectment ECF No. 48.)[4]  On December 5, Mazza filed a notice of stay, indicating he had filed another bankruptcy petition that same day.  (Ejectment ECF No. 62); *see also* (Bankruptcy Petition) (dated December 5, 2022).

On May 5, 2023, BONY filed its motion for relief from stay—the subject of this appeal.  It argued Mazza's "flagrant number of bankruptcy filings for the purpose of staying the foreclosure proceedings" entitled it to *in rem* relief from the automatic stay, which would allow it to "exercise its rights and proceed in mortgage foreclosure in regards [sic] to the subject property."  (Mot. for Relief from Stay ¶ 22.)  It further asserted Mark and Lisa had filed bankruptcy petitions in "bad faith . . . solely to prevent [BONY] . . . from proceeding with mortgage foreclosure."  (*Id.* ¶ 24.)

Mazza filed his response (Bankr. ECF No. 54) and the Bankruptcy Court held a hearing on the motion by telephone.  (Bankr. ECF No. 56.)  During the hearing, Mazza explained he had filed his response by hand in the courthouse lobby and had filed a motion for abstention at the same time.  (Hr'g. Tr. 5:9-12, Bankr. ECF No. 82.)[5]  He told the Bankruptcy Court he had left the deputy clerk a message earlier that morning

---

[4]     The Court takes judicial notice of the district court's docket. *See In re Calabria*, 407 B.R. 671, 682-83 (Bankr. W.D. Pa. 2009) ("federal courts have the authority to take judicial notice of proceedings in other courts, either within or without the federal system, provided those proceedings are directly related to the matters at issue" (quoting *In re Allegheny, Inc.*, 86 B.R. 466, 469 (Bankr. W.D. Pa. 1988)); *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 ("We may take judicial notice of the contents of another Court's docket").

[5]     Mazza's designated record on appeal purports to include the transcript of the Bankruptcy Court's hearing but does not do so.  *See* (Original Bankr. R.)  The Court takes judicial notice of the transcript. *See Aponte*, 2019 U.S. Dist. LEXIS 138012, at *1 n.1; *Calabria*, 407 B.R. at 682-83 (taking judicial notice of relief from stay proceedings before another bankruptcy court where the content of those proceedings was relevant to the matter at hand).

because he had noticed the latter motion was not on the docket. (*Id.* at 5:12-14.) This concerned Mazza because he had expected his "emergency motion" for abstention to be considered at the same time as BONY's motion for relief from stay. (*Id.* at 5:14-17.) Mazza added that he had also referred to abstention in his response to BONY's motion. (*Id.* at 6:9-15.) After confirming the abstention motion was not on the docket, the Bankruptcy Court instructed Mazza to re-file it if he wanted it to be considered. (*Id.* at 6:22-24, 7:14-23.)

Turning to the merits of BONY's motion, the Bankruptcy Court confirmed its understanding of Mazza's response, namely that BONY had behaved deceptively and fraudulently in the Common Pleas Court, where his motion seeking to vacate the foreclosure and sheriff's sale was pending. (*Id.* at 7:24-8:8.) It then granted BONY's motion, explaining that Mazza's challenge to the foreclosure judgment should be litigated in state court. (*Id.* at 8:22-9:1.)

The Bankruptcy Court explained that a debtor's history of prior bankruptcy filings was not ordinarily a concern when the filings were more than a few years old. (*Id.* at 11:23-12:1.) In this case, however, Mazza's first petition was dismissed for failure to file necessary information, and the court assumed Mazza "just filed that to stay a foreclosure." (*Id.* at 12:1-5.) In three bankruptcy cases, Mazza had either failed to file basic information or pay filing fees. (*Id.* at 12:5-12.) The court accordingly presumed "that all of those filings, which were done in quick succession, were done in order to avoid a foreclosure sale." (*Id.* at 12:12:14.)

When Mazza asked how those past filings were relevant now, the Bankruptcy Court explained these filings demonstrated bad faith and indicated Mazza was "trying

to stop the foreclosure sale." (*Id.* at 12:20-25.)  And since the property had been sold to

BONY in the sheriff's sale, Mazza had "absolutely no right to ownership." (*Id.* at 12:25-

13:2.)

The Bankruptcy Court therefore entered an order granting BONY's motion and

modifying the automatic stay, permitting BONY "to proceed with a quiet title action

and/or ejectment action and, without limitation, to exercise any other rights it has

under the mortgage or with respect to the property." (Order Granting Relief from Stay,

Bankr. ECF No. 55.)  It further ordered that any future automatic stays "relating to the

interest in the subject property" would be "null and void and w[ould] not prevent the

foreclosure of the Mortgaged Premises from proceeding." (*Id.*)  Finally, BONY would

not be required to obtain relief from any future automatic stays "that would otherwise

be imposed by the filing of any subsequent case." (*Id.*)  Mazza filed his notice of appeal

the following day.  (Bankr. ECF No. 58.)

III

The Court has jurisdiction over Mazza's appeal pursuant to 28 U.S.C. § 158(a).

*See In re Connors*, 497 F.3d 314, 318 (3d Cir. 2007).  The Court reviews the Bankruptcy

Court's grant of relief from the automatic stay for an abuse of discretion.  *In re Kajla*,

824 F. App'x 92, 93 (3d Cir. 2020) (citing *In re Myers*, 491 F.3d 120, 128 (3d Cir. 2007)).

Otherwise, the Bankruptcy Court's findings of fact are reviewed for clear error and its

conclusions of law are reviewed *de novo*.  *In re Global Indus. Techs., Inc.* 645 F.3d 201,

209 (3d Cir. 2011); *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998) (a

district court reviews a bankruptcy court's "legal determinations *de novo*, its factual

findings for clear error and its exercise of discretion for abuse thereof").

6

IV

Mazza raises several issues on appeal.[6]  He argues the Bankruptcy Court's

decision to grant BONY relief from the automatic stay, as well as its refusal to consider

his motion for abstention, were not supported by sufficient findings of fact and

conclusions of law.  (Br. of Appellant, ECF No. 11, at 5, 9.)   He next contends the

Bankruptcy Court improperly ignored his motion for abstention.  (*Id.* at 5, 7.)  He also

argues he was entitled to abstention on the merits.  (*Id.* at 5, 10-11.)  Finally, he asserts

Lisa was an indispensable party, without whom BONY's motion could not have

proceeded.  (*Id.* at 11-12.)  Failing to do so, he believes, deprived her of due process.

(*Id.*)  None of these arguments have merit.

A

Mazza believes the Bankruptcy Court's order was not adequately adjudicated

because it was not accompanied by a written opinion.  (*Id.* at 9.)  He similarly contends

the order is not supported by sufficient factual findings.  (*Id.*)  Neither belief is

accurate.

First, the Bankruptcy Court was not required to issue a written opinion.  *See In*

*re R.B. No. 2*, No. 06-1331, 2007 WL 852553, 2007 U.S. Dist. LEXIS 18733, at *8-9

(W.D. Pa. Mar. 16, 2007) (Affirming a bankruptcy court's grant of relief from the

automatic stay without a written opinion because the court "did explain the basis for its

decision on the record during oral argument").  The Bankruptcy Court adequately

explained the basis for its decision.  It summarized Mazza's filing history and noted

these filings were dismissed for failure to either file information required by the

---

[6]     For organizational purposes, the Court presents these issues in a different order than Mazza.

bankruptcy courts or pay filing fees.  (Hr'g Tr. 11:23-12:12.)  Consequently, the Bankruptcy Court presumed "all of those filings, which were done in quick succession, were done in order to avoid a foreclosure sale." (*Id.* at 12:12-14.)  In other words, Mazza was "trying to stop the foreclosure sale," through a pattern of filing that "evidence[d] bad faith." (*Id.* at 12:23-25.)

These findings were sufficient to justify granting BONY's motion, since "the mere timing and filing of several bankruptcy cases is an adequate basis from which a court can draw a permissible inference that the filing of a subsequent case was part of a scheme to hinder, delay, and defraud creditors." *In re Blair*, No. 09-76150, 2009 WL 5203738, 2009 Bankr. LEXIS 4195, at *12 (Bankr. E.D.N.Y. Dec. 21, 2009); *see also In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009) ("The uncontroverted record of the filings and lack of any good faith prosecution of these cases allow this Court to draw a permissible inference and find that the instant petition was part of a scheme of Debtor to delay, hinder, and defraud").[7]

While "[m]ultiple bankruptcy filings do not alone justify relief under [Section] 362(d)(4)(B)," *Gray*, 558 F. App'x at 166, the Bankruptcy Court relied on more than that.  In *Gray*, the party seeking relief from the stay "did not list or examine [the debtor's] earlier filings to make its case under the statutory provision it cited."  *Id.* BONY described Mazza and Lisa's filings in its motion, detailing how each was resolved and the effects they had on BONY's foreclosure action.  *See* (Mot. for Relief from Stay ¶¶ 4-13.)  The bankruptcy court in *Gray* referred to several bankruptcy filings, "but did

---

[7]        These cases predate the Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327, 124 Stat. 3557 (2010) which amended Section 362(d)(4)(B) by replacing "hinder, delay and defraud" with "hinder, delay or defraud."  *See In re Marcano*, No. 19-11228, 2019 WL 2612730, 2019 Bankr. LEXIS 1891, at *12 n.6 (Bankr. S.D.N.Y. June 24, 2019).

not list them or make any findings about how they related to" the subject property. *Gray*, 558 F. App'x at 166.  Here, the Bankruptcy Court concluded Mazza's failure to prosecute several bankruptcy proceedings, filed in quick succession, indicated an intent to delay foreclosure proceedings.  (Hr'g Tr. 11:23-12:25.)  In short, the Bankruptcy Court's conclusions were reasonable and factually supported.

## B

### 1

Mazza also argues the Bankruptcy Court was wrong not to consider his motion for abstention during the hearing on BONY's motion.  (Br. of Appellant at 5, 7, 9-10.)  As an initial matter, "[i]t is unclear whether the timing of the bankruptcy court's docket management constitutes an appealable order."  *Liebmann v. Goden*, 629 F. Supp. 3d 314, 332 (D. Md. 2022).  Even if it does, the Bankruptcy Court did not abuse its discretion by refusing to adjudicate a motion that did not appear on its docket.

Mazza wanted the Bankruptcy Court to defer ruling on BONY's motion for relief from the automatic stay until the Common Pleas Court resolved his motion to vacate the foreclosure judgment.  (Br. of Appellant at 10.)  For that reason, Mazza expected the Bankruptcy Court to rule on his motion for abstention before BONY's motion.  (Hr'g Tr. 9:2-10:21.)  But during the hearing, only BONY's motion appeared on the docket, so the Bankruptcy Court explained it would not consider a motion that did not appear to have been properly filed.  (*Id.* at 10:22-11:4.)  Mazza believes this decision is also insufficiently supported, since "the court denied a properly filed motion only saying the motion is not on the docket without rendering any findings regarding said motion."  (Br. of Appellant at 9.)

The Bankruptcy Court did not ignore Mazza when he claimed to have filed the abstention motion. Instead, it checked the docket again and confirmed its absence with the courtroom deputy. (Hr'g Tr. 5:9-6:24.) It was not an abuse of discretion to decline to hear a motion not properly before it.[8]

2

Mazza's argument for abstention on the merits is not a proper subject of appeal. He contends the Bankruptcy Court should have "deferred or abstained from deciding" BONY's motion since "the issue of ownership of the property claimed by [BONY] is the very same issue pending in a state court action." (Br. of Appellant at 5.) But again, the Bankruptcy Court declined to do so because his motion seeking abstention was not on its docket. When Mazza filed this appeal, the Bankruptcy Court had not ruled on the merits of his abstention motion, so they are not a proper subject of this appeal.[9]

Mazza's arguments are unavailing for another reason. He contends the Bankruptcy Court should have considered his abstention motion under a six-part test articulated in *In re Container Transp., Inc.*, 86 B.R. 804 (Bankr. E.D. Pa. 1988). But this test does not apply because it governs mandatory abstention of non-core bankruptcy proceedings. It is specifically used to determine whether the elements of 28

---

[8]     During the hearing, Mazza said he had a time-stamped copy of his abstention motion, which would show he had filed it at the same time as his response to BONY's motion. (Hr'g Tr. 7:2-13.) It would therefore "have two time stamps on it when [he did] re-file." (*Id.* at 9:2-9.) His re-filed motion shows only one such stamp, dated after the hearing took place. (Emergency Mot. for Abstention, Bankr. ECF No. 57.)

[9]     Mazza never litigated his abstention motion before the Bankruptcy Court. After Mazza filed the motion on its docket, and after he had already appealed the modification of the stay, the Bankruptcy Court denied his request for an expedited hearing on abstention. It directed Mazza to "schedule a hearing to consider the Motion in the normal course of business." (Bankr. ECF No. 64.) After Mazza failed to do so despite two separate reminders by the Clerk's Office, the motion was dismissed for lack of prosecution. (Bankr. ECF No. 83.)

U.S.C. § 1334(c)(2) have been satisfied, such that abstention is mandatory.  *L.H. v. Rice Enters., LLC*, No 23-613, 2023 WL 4198475, 2023 U.S. Dist. LEXIS 111859, at *5 (W.D. Pa. June 26, 2023).  Mandatory abstention "applies to only 'non-core' proceedings;" it does not apply to core bankruptcy proceedings.  *In re Maxus Energy Corp.*, 571 B.R. 650, 661 (Bankr. D. Del. 2017).  28 U.S.C. § 157(b)(2) contains a non-exhaustive list of core proceedings.  Critically, this list includes "motions to terminate, annul, or modify the automatic stay." 28 U.S.C. §157(b)(2)(G).  Mazza similarly argues abstention was proper because his motion to vacate the foreclosure judgment and sheriff's sale could have an "impact on liquidation of assets of the [bankruptcy] estate."  (Br. of Appellant at 10.)  But this language comes from 28 U.S.C. § 157(b)(2)(O), which provides another example of a core proceeding, rather than requiring abstention.

## C

Finally, Mazza contends his wife Lisa was an indispensable party to the action and that granting BONY's motion in her absence violated her due process rights.  (Br. of Appellant at 5, 11-12.)  Even assuming Mazza has third party standing to make this argument, *see Penn. Psychiatric Soc'y v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 288-89 (3d Cir. 2002) (discussing third-party standing) (citations omitted), he is incorrect.  *See Askri v. U.S. Bank, N.A.*, 612 B.R. 867, 871-72 (E.D. Va. 2020) (addressing, and rejecting on the merits, debtor's argument that his non-debtor wife had not received proper notice of a bank's motion for relief from the automatic stay under Section 362(d)(4)).  Section 362(d)(4) provides relief "as to all entities claiming to hold an interest in the subject property, regardless of whether they sought bankruptcy protection."  *Id.* at 871.

11

"Courts have come out on both sides" on the question of whether a non-debtor with an interest in the subject property is entitled to notice of a motion for *in rem* relief from the automatic stay. *In re Greenstein*, 589 B.R. 854, 863-64 (C.D. Cal. 2018) (*Greenstein II*) (collecting cases); *compare In re Hatton*, No. 16-90946, 2017 WL 4155326, 2017 Bankr. LEXIS 3153, at *8 (Bankr. E.D. Cal. Sept. 15, 2017) ("a person who is not a debtor in the case is not entitled to notice of a motion for relief from stay") *with In re Dorsey*, 476 B.R. 261, 270 (Bankr. C.D. Cal. 2012) (recognizing potential due process issues but concluding adequate notice and opportunity to be heard dispelled those concerns in the instant case).

Even if notice is required, "failure to provide the property owner with prior notice of a request for *in rem* relief is [not] necessarily fatal to the validity of the order" granting that relief, since a property owner burdened by the order "can still move for relief from that order as soon as she becomes a debtor in her own bankruptcy case." *In re Greenstein*, 2017 Bankr. LEXIS 3770, at *56-57 (Bankr. C.D. Cal. Oct. 31, 2017) (*Greenstein I*) (emphasis added), *aff'd* 589 B.R. 854 (C.D. Cal. 2018), 788 F. App'x 497 (9th Cir. 2019).

In other words, "[a]s long as the debtor has adequate notice that the [S]ection 362(d)(4) order exists and burdens her property, the debtor has an opportunity to be heard by the bankruptcy court and to obtain relief from the order." *Id.* at *57. This is so because "the burden imposed by a [S]ection 362(d)(4) order—exclusion of the property from the protection of the automatic stay—is realized only if and when the property owner elects to seek relief under the Bankruptcy Code." *Id.*

Mazza therefore cannot use any due process concerns his wife may have to
invalidate the Bankruptcy Court's order granting BONY relief from the stay.  Any of
Lisa's potential due process issues will become relevant, if at all, if she files her own
Chapter 7 petition.  *See Greenstein I*, 2017 Bankr. LEXIS 3770, at *57-58 (Whether
there has been a violation will depend on whether the property owner ever gets notice
of the *in rem* order, and whether the notice is adequate to permit the property owner to
timely seek relief from that order based on changed circumstances or good cause
shown" (emphasis added).[10]

---

[10]    Mazza's designation of record on appeal includes several other issues.  (Original Bankr. R. at
13-15.)  To the extent that he wishes to challenge the Bankruptcy Court's subject matter
jurisdiction, he cannot, since "the bankruptcy court with jurisdiction over a debtor's case has the
authority to grant relief from the stay of judicial proceedings against the debtor."  *Maritime Elec. Co.
v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991).
        Mazza further argues the Bankruptcy Court improperly waived Bankruptcy Rule 4001(a)(3),
which provides that orders granting relief from the automatic stay are stayed for fourteen days
unless the court orders otherwise.  Fed. R. Bankr. P. 4001(a)(3).  Any error claimed here is now
harmless.  *See New York City Shoes, Inc. v. Best Shoe Corp.*, 106 B.R. 58, 62 (E.D. Pa. 1989)
(affirming bankruptcy court because of harmless error).  The purpose of Rule 4001(a)(3) is to "permit
a short period of time for the debtor or the party opposing relief [from the automatic stay] to seek a
stay pending appeal of the order."  *In re Sternitzky*, 635 B.R. 353, 361 (Bankr. W.D. Wis. 2021)
(quoting *9 Collier on Bankruptcy* ¶ 4001.05 (16th ed. 2016)).  Mazza filed a motion for a stay pending
appeal with this Court on July 1, 2023.  (ECF No. 4.)  He did so over a month after the Bankruptcy
Court granted relief from the stay, well after Rule 4001(a)(3)'s fourteen-day period would have
already expired.  And the Court denied the motion without prejudice because Mazza had not sought
such a stay before the Bankruptcy Court and was not entitled to raise it with this Court in the first
instance because he had not satisfied Bankruptcy Rule 8007(b)(2).  (ECF No. 7.)  The Court
accordingly instructed Mazza to seek the stay pending appeal before the Bankruptcy Court unless he
could satisfy Rule 8007(b)(2).  (*Id.*)  He neither sought a stay pending appeal in the Bankruptcy
Court nor attempted to refile with this Court.  Any claimed error by the Bankruptcy Court in
waiving Rule 4000(a)(3) is accordingly harmless.
        Mazza also contends the Bankruptcy Court's order granting BONY relief from the automatic
stay does not describe BONY the same way the deed does.  (Original Bankr. R. at 14.)  This
incorrect.  Both documents describe identify BONY the same way.  *See* (Order Granting Relief from
Stay); (Sheriff's Deed at 22, 23-24.)
        Mazza also argues the Bankruptcy Court failed to consider whether "the sheriff sale was
collusive."  (Original Bankr. R. at 14.)  Judge Robreno's discussion of this issue during the ejectment
proceedings is instructive.  *See Bank of N.Y. Mellon v. Mazza*, 674 F. Supp. 3d 147, 154 (E.D. Pa.
2023) ("A valid judgment in mortgage foreclosure can bar a subsequent claim based on the validity of
the foreclosed mortgage under the *Rooker-Feldman* doctrine); *see also In re Dunlop*, 378 B.R. 85, 92-
93 (Bankr. E.D. Pa. 2007) (a bankruptcy court "has no jurisdiction to overturn" a state court's
foreclosure judgment).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.

---

Finally, Mazza argues the Bankruptcy Court failed to consider the possibility that the property could become an asset of the bankruptcy estate if the proceeding were "converted to [C]hapter 13." (Original Bankr. R. at 14.) But as the Bankruptcy Court explained, the property had already been sold to BONY. (Hr'g Tr. 12:25-13:10.) And "if a foreclosure sale takes place prepetition, a [C]hapter 13 debtor has no right to cure or reinstate her mortgage under Pennsylvania law" or in a "[C]hapter 13 petition under federal bankruptcy law." *Dunlop*, 378 B.R. at 92. So "where a pre-bankruptcy sale has already occurred, courts have routinely held that relief from the bankruptcy stay generally is appropriate so the buyer may eject the debtor." *Id.* Although Mazza wanted the Bankruptcy Court to abstain from ruling on BONY's motion until he had finished litigating his challenge to the foreclosure and sheriff's sale in state court, he cannot make that argument here. Again, the Bankruptcy Court did not err by declining to consider Mazza's abstention motion when it was not on the docket.